# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VALENTINE B. USOCHU, | ) | 1:07cv0409 AWI SMS |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| UNION BANK OF CALIFORNIA, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Valentine B. Usochu is a state prisoner, proceeding pro se and in forma pauperis in this action, filed on March 14, 2007. Plaintiff submits his complaint on a form used for civil rights actions pursuant to 42 U.S.C. § 1983 and names Union Bank of California as Defendant.

A.  <u>Screening Standard</u>

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

1

Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Discussion

Plaintiff's complaint fails for two reasons. First and foremost, he cannot state a claim against Union Bank of California, a private entity, in an action pursuant to 42. U.S.C. § 1983. The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)

1  (internal quotations omitted).  Union Bank of California is a private company with which
2  Plaintiff presumably did business, and it is not liable under section 1983, which provides a cause
3  of action against government actors.  <u>Brentwood Academy v. Tennessee Secondary School</u>
4  <u>Athletic Assoc.</u>, 531 U.S. 288, 295, 121 S.Ct. 924, 930 (2001); <u>Single Moms, Inc. v. Montana</u>
5  <u>Power Co.</u>, 331 F.3d 743, 746-47 (9th Cir. 2003); <u>Sutton v. Providence St. Joseph Med. Ctr.</u>, 192
6  F.3d 826, 835 (9th Cir. 1999); <u>Price v. Hawaii</u>, 939 F.2d 702, 707-08 (9th Cir. 1991).
7    Second, Plaintiff's complaint consists of the following statement:  "I should get my
8  money back 1400 dollars that the bank took from me."  Complaint, at 2.  On the section of the
9  form provided for a statement of his claim, he simply states, "1400."  Complaint, at 2.  His
10 complaint thus fails to satisfy Rule 8 and does not allow for further evaluation.
11   Plaintiff's complaint therefore fails to state a claim upon which relief may be granted
12 under section 1983.  The deficiencies are not curable, <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th
13 Cir. 2000), and the complaint should be dismissed without leave to amend.

14 **FINDINGS AND RECOMMENDATION**

15   Based on the above, the Court HEREBY RECOMMENDS that this action be
16 DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim upon which relief may
17 be granted.
18   These Findings and Recommendations will be submitted to the Honorable Anthony W.
19 Ishii, United States District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).
20 Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff
21 may file written objections with the court.  The document should be captioned "Objections to
22 Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
23 objections within the specified time may waive the right to appeal the District Court's order.
24 <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
25 IT IS SO ORDERED.
26 **Dated:    June 18, 2007**          /s/ Sandra M. Snyder
             UNITED STATES MAGISTRATE JUDGE
27
28